## Commonwealth *v.* Morrison, Appellant.

Argued October 22, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Wilbur R. Seabrook,* with him *Margiotti & Casey,* for appellant.

*Burton R. Laub,* District Attorney, with him *John J. Galbo,* Assistant District Attorney, for appellee.

OPINION BY DITHRICH, J., December 14, 1945 :

Appellant was convicted of the crime of sodomy on September 16, 1944. An appeal was taken to this court and the convictions (on two indictments) were affirmed in an opinion by Judge RENO. (*Com. v. Morrison,* 157

Pa. Superior Ct. 366, 43 A. 2d 400.) A petition for an appeal to the Supreme Court was dismissed. On September 13, 1945, before the Supreme Court had acted on the petition, appellant filed a petition in the court below for a writ of error *coram nobis*. Attached to the petition was the statement of one Mrs. Alice Smith, a member of the jury which tried Morrison. The writ was refused on the following day in an opinion filed by the court below. On September 20, 1945, the Commonwealth filed its answer to the petition for writ of *coram nobis*. After the appellant brought this appeal from the order refusing the writ, the Commonwealth filed an additional answer *nunc pro tunc*. To the additional answer there is also attached a statement by Mrs. Smith. Neither answer was considered by the court below when it refused to grant the writ. Both answers are certified to this court and printed as part of the record.

The petition for the writ alleges improper interference and tampering with the jury, and refers to the exhibit attached, Mrs. Smith's statement. Her statement says that the eight women on the jury were dominated by the four men, that after the jury retired, the jurors ". . . wished to get it over with so as to get dinner, . . ." and that ". . . one of the men on the jury said he was talking to a fellow in a hotel who said Morrison was guilty and if we did not bring in a verdict of guilty we ought to be hung." The additional answer to the petition contains a second statement by Mrs. Smith in which she explains the circumstances under which the first statement was made and makes certain corrections. She claims that when she signed the statement it did not contain the parts about the men dominating the women and about the jurors wanting to get it over with and get dinner. She also states that Morrison got a fair trial and that she is ". . . convinced that the verdict was justified by the evidence produced in Court." Her second statement clearly implies that it was not her intention to impeach the jury or its verdict.

The writ of error *coram nobis* is an ancient common law writ, the purpose of which is to bring before a court a judgment previously rendered by it for review or modification, on account of some error of fact and not of law affecting the validity and regularity of the proceedings, and which was not brought into the issue at the trial thereof: 24 C. J. S. Criminal Law §1606(a). Although the writ has very rarely been invoked, it is still available in Pennsylvania and has been recently discussed in a comprehensive opinion by Chief Justice MAXEY in *Commonwealth v. Harris,* 351 Pa. 325, 41 A. 2d 688. The first question raised by this appeal is whether the writ will lie to enable a juror to impeach the verdict. We are of the opinion that it will not. The fact that there has been interference with the jury is not such a fact as will provide grounds for the granting of the writ. The error of fact must in some way be related to the *issue* so that it could have been brought out at the trial if then known. It has been said that the writ will lie, for example, where the error concerns the status of a party, as an infant, or the coverture of a woman,[1] or as a slave or free man,[2] or where the accused was forced to plead guilty through well-grounded fears of mob violence.[3] These examples illustrate the point that the error of fact must affect the trial *directly* and *not collaterally.* "The writ does not lie to redress an irregularity occurring at the trial, such as misconduct of the jury, court, or any officer thereof, except under circumstances amounting to extrinsic fraud depriving petitioner of trial on the merits:" 24 C. J. S. Criminal Law §1606(b). Such circumstances do not exist in the instant case.

There is no evidence to show that any outside influence was brought to bear upon the jury empaneled to try this case. The only evidence that could be offered in support of this petition would be the testimony of the jurors themselves as to their conversation or de-

---

[1] See *Com. v. Harris,* supra, p. 328

[2] Ibid, p. 329

[3] Ibid, p. 328

liberation in the jury room. The rule was early established in Pennsylvania that a juror cannot testify as to what occurred between him and other jurors in the jury room tending to show misconduct on the part of the jurors or to impeach their verdict: *Cluggage v. Swan,* 4 Binn. 150, 5 Am. Dec. 400; *Welshire v. Bruaw,* 331 Pa. 392, 200 A. 67. Since such testimony is inadmissible in a motion in arrest of judgment or for a new trial it manifestly is not admissible in a writ of error *coram nobis.*

The order is affirmed.