J-E04005-13

2014 PA Super 210

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CLAUDE DESCARDES, | |
| Appellee | No. 2836 EDA 2010 |

Appeal from the Order September 24, 2010
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000617-2006

BEFORE:  BENDER, P.J., FORD ELLIOTT, P.J.E., BOWES, PANELLA,
DONOHUE, SHOGAN, LAZARUS, OLSON, and WECHT, JJ.

CONCURRING AND DISSENTING OPINION BY BOWES, J.:

Filed: September 23, 2014

Ultimately, I agree with the learned majority that Appellee is not entitled to withdraw his plea, whether it be under the PCRA statute or the ancient common law writ of error *coram nobis*.  I dissent, however, from the majority's conclusion that Appellee properly invoked *coram nobis* to achieve review of his untimely ineffective assistance of counsel claim.  In my view, the majority fails to appreciate the interplay between PCRA review and *coram nobis* under the unusual circumstances of this case, and confuses ineligibility for relief under the PCRA with a lack of cognizability in the claim raised.  Since the majority's analysis will unnecessarily lead to bifurcated review, **see Commonwealth v. Haun**, 32 A.3d 697 (Pa. 2011), I am compelled to write further.

I begin by noting that although *coram nobis* still exists in Pennsylvania under extremely limited circumstances, it does not generally apply where a defendant is raising an allegation of ineffective assistance of counsel. While I do not disagree that *coram nobis* may be an available form of relief in a future case involving a new constitutional right declared retroactively applicable where a defendant is no longer serving a sentence, and the right involved is sufficiently important to justify overlooking finality concerns, neither this Court nor the Pennsylvania Supreme Court has confronted such a situation. Insofar as the majority opinion suggests that Pennsylvania's common law *coram nobis* jurisprudence is as extensive as federal *coram nobis* law, it ignores both the intent and the language of the PCRA statute, and expands the writ well beyond even our Supreme Court's most expansive pre-PCRA interpretation.[1]

Traditionally, a writ of error *coram nobis* would only lie "where facts exist extrinsic of the record, unknown and unknowable by the exercise of diligence at the time of its rendition, and which would, if known, have prevented the judgment either in its entirety or in the form in which it was rendered." **Commonwealth v. Harris**, 41 A.2d 688, 690 (Pa. 1945).

---

[1] For a quality discussion of the difference in federal *coram nobis* jurisprudence and the common law writ, **see Trujillo v. Nevada**, 310 P.3d 594 (Nev. 2013). That case discusses whether a defendant could use *coram nobis* to raise a **Padilla** claim under Nevada law.

Phrased differently, where a defendant alleged an error of fact and not law and no fault could be imputed to the court in pronouncing its judgment, *coram nobis* was available. **Id**. The **Harris** Court delineated several examples when *coram nobis* applied, stating,

> In a criminal prosecution where the accused was forced through well founded fears of mob violence to plead guilty, it has been considered that he is entitled to relief through the writ, and the judgment of conviction may be set aside and a new trial granted. The writ has been held to lie to correct such an error of fact as the conviction of a slave as a free person.

**Id**.

Thus, at common law, *coram nobis* existed only to remedy errors of or in the facts. **See Harris**, **supra**; **Commonwealth v. Morrison**, 44 A.2d 850, 851 (Pa.Super. 1945) ("The writ of error coram nobis is an ancient common law writ, the purpose of which is to bring before a court a judgment previously rendered by it for review or modification, on account of *some error of fact and not of law* affecting the validity and regularity of the proceedings, and which was not brought into the issue at the trial thereof.") (italics in original); **Commonwealth v. Fiore**, 665 A.2d 1185, 1189-1190 (Pa.Super. 1995).[2] Certainly, this case does not involve a factual mistake.

_____

[2] I am cognizant that the United States Supreme Court in **Fiore v. White**, 531 U.S. 225 (2001), abrogated this Court's decision in that matter. This Court had erroneously determined that the defendant's claim, which would have entitled him to relief, was premised on a new rule of law that was not retroactive. However, the rule in question was not a new rule of law. **See Fiore v. White**, 757 A.2d 842 (Pa. 2000).

However, Pennsylvania law, prior to the passage of the PCRA, expanded *coram nobis* to some **limited** matters of law. ***See Commonwealth v. Sheehan***, 285 A.2d 465 (Pa. 1971); ***Commonwealth v. Fay***, 439 A.2d 1227 (Pa.Super. 1982). The ***Sheehan*** Court first determined that the Post-Conviction Hearing Act ("PCHA"), the predecessor to the PCRA, did not abolish *coram nobis*. It then relied on the far broader federal applicability of *coram nobis* fashioned by ***United States v. Morgan***, 346 U.S. 502 (1954), wherein the High Court held that the denial of counsel could be remedied via *coram nobis* following the expiration of the defendant's sentence. ***See id***. at 468 ("the Court in ***Morgan*** noted that *cora*[*m*] *nobis* as applied in American jurisdictions had not been confined strictly to matters of fact.") (italics added). In this respect, ***Sheehan*** extended *coram nobis* in Pennsylvania to matters of errors in process; specifically, where a defendant was entirely denied his right to counsel. ***But see Commonwealth v. Turner***, 80 A.3d 754 (Pa. 2013) (returning to the ***Harris*** standard). ***Sheehan***, however, does not mean that non-retroactive "novel" ineffectiveness claims come within the ambit of *coram nobis* in Pennsylvania.

Importantly, the PCRA statute provides in pertinent part that it "**shall be the sole means of obtaining collateral relief and encompasses** all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and **coram**

**nobis**." 42 Pa.C.S. § 9542 (emphases added). Of course, the very next sentence also expressly states that the PCRA is not intended "to provide relief from collateral consequences of a criminal conviction." *Id*. This latter portion of the statute is no longer constitutionally sound in at least the deportation context. *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010); *see also Commonwealth v. Masker*, 34 A.3d 841 (Pa.Super. 2011) (Bowes, J., concurring and dissenting).[3]

Our Supreme Court has interpreted the sole means language to explain that the PCRA is the only method of obtaining collateral review when the claim being raised is cognizable under the PCRA. *Commonwealth v. Eller*, 807 A.2d 838, 842–843 (Pa. 2002); *Commonwealth v. Lantzy*, 736 A.2d 564, 569–70 (Pa. 1999). It is only "where the PCRA does not encompass a claim that other collateral procedures are available." *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa.Super. 2004) (citation omitted). Thus, where a petitioner's claims "are cognizable under the PCRA,

_____

[3] Where a person is contesting his conviction or sentence based on the ineffective assistance of counsel, premised on advice relative to a collateral consequence, he is not actually seeking direct relief from that collateral consequence. Rather, he is seeking relief on his underlying conviction, which indirectly would affect the collateral consequence in question. For example, a defendant who loses his firearm rights as a result of a conviction is not directly seeking to restore his firearm rights when he asserts counsel was ineffective for not informing him of this consequence. Instead, the defendant is seeking relief from his actual conviction. Phrased differently, a defendant cannot petition the court to reinstate his firearm rights via a PCRA petition, but he can challenge his conviction, though he will not be entitled to relief. *Commonwealth v. Abraham*, 62 A.3d 343 (Pa. 2012).

the common law and statutory remedies now subsumed by the PCRA are not separately available to the [petitioner]." ***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001).[4]

When examining whether a claim is cognizable under the PCRA, our Supreme Court has looked only to three requirements. First, the petitioner must be convicted of a crime under the laws of this Commonwealth. ***See In the Interest of A.P.***, 617 A.2d 764 (Pa.Super. 1992), *affirmed*, 639 A.2d 1181 (Pa. 1994) (claim not cognizable under the PCRA because juvenile was not convicted of a crime but was rather adjudicated delinquent). Second, the claim attacks the petitioner's conviction or sentence for one of the seven enumerated reasons set forth in the PCRA. ***See Commonwealth v. Judge***, 916 A.2d 511, 518 (Pa. 2007) (claim not cognizable under the PCRA because "the basis of the arguments [were] not contingent upon the presence of error in either the guilt or penalty phases of a trial."). Finally, in certain circumstances, the petitioner must be serving a period of imprisonment, probation, and/or parole to permit the filing of a PCRA petition. ***See***

_____

[4] Our Supreme Court's use of the term "cognizable under the PCRA" has resulted in some confusion. In some situations, like the one in the case at bar, our High Court has used the term to refer to a claim being encompassed by the PCRA. In other situations, the Court has used the term to refer to a petitioner being entitled to relief on a claim. For example, it has held that previously litigated and waived claims are not cognizable, however, this obviously does not mean that such claims can be brought outside the PCRA. Thus, it is necessary to examine the context in which our Supreme Court used the term to determine its meaning.

*Commonwealth v. Stock*, 679 A.2d 760, 761 (Pa. 1996) (claim not cognizable under the PCRA because the defendant was only sentenced to pay a fine).

If all three requirements are present, our Supreme Court has consistently concluded that the claim is cognizable under the PCRA and, therefore, common law remedies are not available to the petitioner. Our Supreme Court does not consider the underlying merit of a particular claim in determining whether a claim is cognizable under the PCRA. Thus, the scope of cognizable claims under the PCRA extends far beyond meritorious claims. *See Commonwealth v. West*, 938 A.2d 1034, 1044 (Pa. 2007) ("[T]he boundaries of cognizable claims under the PCRA can be extended so far as is consistent with the purposes of the statute[.]"). It includes a broad range of claims for which a petitioner is no longer eligible for relief. *Cf. Commonwealth v. Matin*, 832 A.2d 1141, 1142–1143 (Pa.Super. 2003) (petitioner's claim was cognizable under PCRA and had arguable merit yet petitioner was ineligible for relief because he was no longer serving a sentence).[5]

_____

[5] Under the PCRA, even a petitioner with a meritorious retroactive claim would not be entitled to relief if he fails to bring his claim within 60 days of the new ruling. *See* 42 Pa.C.S. § 9545 (b)(2). This is further proof that, given the importance accorded to statutory deadlines and eligibility requirements under the PCRA, the merit of a particular claim, in and of itself, plays little dispositive role in determining whether a claim for collateral relief may proceed.

In short, a claim is cognizable under the PCRA if it contests the petitioner's conviction, which Appellee is clearly challenging, sentence, or the effectiveness of counsel during the plea process, trial, sentencing, appeal, or PCRA review. 42 Pa.C.S. § 9543. Concomitantly, a person who can no longer file a timely petition or who is no longer serving a sentence is ineligible for PCRA relief; if the claim relates to the petitioner's sentence, conviction, or the effectiveness of counsel, he cannot achieve a different form of collateral relief. *See Turner*, *supra*; *Commonwealth v. Ahlborn*, 699 A.2d 718 (Pa. 1997); *Commonwealth v. Williams*, 977 A.2d 1174 (Pa.Super. 2009); *Pagan*, *supra*; *Commonwealth v. Hayes*, 596 A.2d 195 (Pa.Super. 1991) (*en banc*).

An ineffectiveness claim pertaining to deportation can be pursued under the PCRA statute because all constitutional ineffectiveness claims are cognizable under the PCRA. *Commonwealth ex rel. Dadario v. Goldberg*, 773 A.2d 126 (Pa. 2001); *see also Commonwealth v. Escobar*, 70 A.3d 838 (Pa.Super. 2013) (defendant sentenced post-*Padilla* and raising deportation ineffectiveness claim in PCRA); *Commonwealth v. McDermitt*, 66 A.3d 810 (Pa.Super. 2013) (addressing within PCRA a deportation ineffectiveness claim where defendant pled guilty and was sentenced pre-*Padilla*); *Commonwealth v. Ghisoiu*, 63 A.3d 1272 (Pa.Super. 2013) (deportation ineffectiveness claim cognizable under PCRA where defendant pled guilty pre-*Padilla* and sentenced post-*Padilla*);

*Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012) (deportation ineffectiveness claim addressed in PCRA context where defendant pled and was sentenced post-*Padilla*); *Commonwealth v. Garcia*, 23 A.3d 1059 (Pa.Super. 2011) (defendant sentenced pre-*Padilla* and raised deportation ineffectiveness claim in PCRA petition, which was considered untimely).[6]

Indeed, even in *Commonwealth v. Frometa*, 555 A.2d 92 (Pa. 1989), *abrogated by* *Padilla*, *supra*, our Supreme Court did not find that the deportation ineffectiveness claim therein was not cognizable. Rather, the court determined that the person was not entitled to relief because counsel could not be ineffective for not advising his client about a collateral consequence of his plea. *See also Commonwealth v. Abraham*, 62 A.3d 343 (Pa. 2012) (ruling that collateral consequence doctrine still applies outside of deportation and concluding that counsel was not ineffective for

_____

[6] Under the majority's paradigm, courts are now faced with at least three separate analyses for deportation ineffectiveness claims. Defendants sentenced post-*Padilla* who raise deportation ineffectiveness claims must raise the issue in a timely PCRA petition. A person still serving his sentence who was sentenced pre-*Padilla* must allege a deportation ineffectiveness claim in a PCRA petition. That petition must be timely without utilizing *Padilla* as a timeliness exception. Finally, defendants sentenced pre-*Padilla*, who are no longer serving a sentence, can raise a deportation ineffectiveness issue via *coram nobis*, but the defendant is not entitled to relief. This result ignores the legislative intent and original meaning of the PCRA statute and unnecessarily complicates the issue. Indeed, the majority fails to acknowledge the numerous cases in which this Court has treated a deportation ineffectiveness claim as cognizable under the PCRA.

failing to advise his client about the loss of a pension as a result of his convictions, but not holding that ineffectiveness claim was non-cognizable).

Since all constitutional ineffectiveness claims relating to a conviction or the sentencing process can be entertained under the PCRA, **see Goldberg**, **supra**, Appellee's claim is cognizable. That Appellee is no longer serving a sentence and that he could not have achieved relief before his sentence expired does not result in a cognizable claim becoming non-cognizable, thereby allowing him to seek *coram nobis* relief. Such a finding is directly refuted by the PCRA statute.

The legislature was certainly aware at the time it passed the PCRA statute that *coram nobis* could apply to those not serving a sentence since this was established law. That it expressly provided that the PCRA subsumes *coram nobis*, and that one is ineligible for relief under the PCRA if no longer serving a sentence, unequivocally indicates that post-conviction challenges to a defendant's conviction or sentence via an ineffectiveness claim were to be reviewed under the PCRA.

In **Pagan**, **supra**, this Court expressly addressed the issue of whether *coram nobis* was available as a remedy outside the PCRA where the petitioner was no longer serving his sentence. We noted that the statute states that a person is ineligible for PCRA relief if he is not currently serving a sentence for the crime in question or serving a sentence that must expire before the petitioner begins serving his disputed sentence. 42 Pa.C.S.

§ 9543(a)(1)(i), (iii).  We held that where the underlying substantive claim is encompassed by the PCRA, *i.e.*, cognizable, *coram nobis* will not lie. Citing our Supreme Court's decision in **Ahlborn**, **supra**, we reasoned, "any collateral consequences flowing from a conviction will not provide the petitioner with an avenue for review outside of the PCRA." **Pagan**, **supra** at 1233.  Here, Appellee was no longer serving his one-year probationary sentence at the time he filed his petition.  Thus, by its plain terms, Appellee was not eligible for PCRA relief.  **Ahlborn**, **supra**; **Hayes**, **supra**; **Williams**, **supra**; **Matin**, **supra**; **Commonwealth v. Fisher**, 703 A.2d 714 (Pa.Super. 1997).[7]

_____

[7] A petitioner also must timely file a PCRA petition in order to be eligible for PCRA relief.  The fact that a petitioner can no longer timely file a PCRA petition does not automatically mean that he may seek collateral relief via an alternative means; otherwise, the PCRA time-bar would prove meaningless.  **See Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998); **Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013).  Instantly, Appellee did not timely file his petition, but did allege a timeliness exception, namely, that the United States Supreme Court in **Padilla v. Kentucky**, 130 S.Ct. 1473 (2010), established a new constitutional rule of law and held its decision applied retroactively.  Appellee's timeliness exception fails, however, because the United States Supreme Court held in **Chaidez v. United States**, 133 S.Ct. 1103 (2013), that **Padilla** does not apply retroactively.

While Appellee accurately recognizes that this Court can grant broader retroactivity to a decision rendered by the United States Supreme Court, **Danforth v. Minnesota**, 552 U.S. 264 (2008); **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), this legal principle offers no comfort to Appellee for purposes of PCRA review.  Under the PCRA statute's timeliness exception, the High Court that hands down the new rule must declare its decision retroactive.  **Commonwealth v. Abdul-Salaam**, 812 A.2d 497

*(Footnote Continued Next Page)*

Recently, the Pennsylvania Supreme Court in *Turner*, *supra*, rejected an as-applied due process challenge to the PCRA statutory requirement that the defendant be serving her sentence at the time relief is granted. It also rejected the PCRA court's alternate grant of *coram nobis* relief. In *Turner*, the defendant filed a timely petition. However, her two-year probationary sentence expired before the PCRA court awarded her a new trial. The PCRA court determined that to deny relief violated due process. The Supreme Court reversed, concluding that she could have sought relief on direct appeal via the *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003) exception. The Court declared that Turner's ineffectiveness claim was cognizable under the PCRA and that she could not seek relief outside the statute. The *Turner* Court noted that *coram nobis* was not available since ineffectiveness claims

_____

*(Footnote Continued)*

(Pa. 2002). Thus, Appellee is not entitled to PCRA relief because the PCRA court lacked jurisdiction to afford relief. *See Taylor*, *supra*.

In this respect, however, the majority does not confront the fact that, outside of the PCRA arena, this Court may grant broader retroactive effect to a decision of the United States Supreme Court. By deciding that *coram nobis* applies, the majority opens the door to potential retroactive application of *Padilla*, irrespective of *Chaidez*. Hence, it is legally erroneous for the majority to say that *Chaidez* is binding on the issue of retroactivity once it determines that the PCRA is inapplicable. Indeed, retroactivity is not a constitutional issue and is grounded in state law. *See Danforth*, *supra*. It is only because of the PCRA statute's timeliness provision that a United States Supreme Court retroactivity decision would control. The majority neglects to discuss why, once it decided that the PCRA is inapplicable, *Padilla* is not retroactive under state retroactivity principles. As recently as *Cunningham*, *supra*, our Supreme Court has noted that federal retroactivity analysis may be ill-fitting for purposes of state collateral review.

are cognizable under the PCRA and do not fit within the purview of *coram nobis*.  **Compare Commonwealth v. Brown**, 943 A.2d 264, 277 (Pa. 2008) (Baer, J., dissenting).

Simply put, so long as the issue could have been leveled in a PCRA petition, *i.e.*, an ineffectiveness claim, the person is foreclosed from seeking relief via a common law writ, even though PCRA relief is no longer available or the person was not entitled to a remedy under the statute.  **Cf. Pagan**, **supra** at 1233.  I recognize that this case does not present a typical ineffectiveness claim and implicates additional concerns involving **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), and **Commonwealth v. O'Berg**, 880 A.2d 597 (Pa. 2005).  While those concerns have subsequently been ameliorated by **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), that decision could not have benefited Appellee.

Notably, the facts of Appellee's case made it virtually impossible for him to be able to pursue PCRA relief in a timely fashion.  First, as mentioned, Appellee's sentence was only one year of probation.  As the court sentenced Appellee after our Supreme Court's decision in **Grant**, **supra**, any ineffectiveness claim likely had to be deferred until PCRA review.  **But see Bomar**, **supra**; **see also Turner**, **supra**.  Nevertheless, his short sentence virtually ensured that he would be ineligible for PCRA relief.  Moreover, the Supreme Court in **O'Berg**, **supra**, expressly declined to allow

a short sentence exception to **Grant** and permit defendants to raise ineffectiveness claims on direct appeal.

Further, while Appellee could have sought review under **Bomar** at the time of his conviction, the governing precedent in this Commonwealth was **Frometa**, **supra**. That decision precluded finding plea counsel ineffective based on failing to inform a client about potential deportation consequences. However, **presenting a claim and being able to achieve relief are distinct**. Instantly, the majority has conflated both Appellee's ineligibility for relief and the lack of entitlement to a remedy under the PCRA with the cognizability of his ineffectiveness issue. Obviously, the fact that a person wishing to challenge his conviction is no longer serving a sentence or cannot timely file a PCRA petition does not render his underlying claims non-cognizable. **See Turner**, **supra**; **Ahlborn**, **supra**; **Pagan**, **supra**; **Hall**, **supra**, at 1235. In addition, simply because the ineffectiveness claim would have been meritless at the time it was raised does not translate into the issue becoming non-cognizable. Indeed, if this were the case, then countless ineffectiveness claims that are raised in PCRA petitions would be able to be raised in a *coram nobis* petition.

Phrased differently, although **Frometa** would have precluded relief on Appellee's ineffectiveness claim on either direct appeal or in a timely PCRA petition, that does not mean he could not have advanced this claim under the PCRA. I provide an example to illustrate. Currently, counsel cannot be

ineffective for failing to present a diminished capacity defense where the defendant asserts he is innocent. **Commonwealth v. Gibson**, 951 A.2d 1110 (Pa. 2008). That fact does not mean that a defendant can raise the issue outside the PCRA because it would not entitle him to a remedy. Since the issue herein is an ineffectiveness claim and relates to Appellee's conviction, post-conviction relief must be sought via the PCRA. **Cf. Commonwealth v. Chester**, 733 A.2d 1242, 1251 (Pa. 1999), *abrogated on other ground by* **Grant**, **supra** ("as petitioner's penalty phase claims are cognizable under the PCRA they will be addressed solely within the context of the PCRA, and any remedy to be afforded petitioner must be within the scope of the PCRA.").

Our Supreme Court has never permitted extra-PCRA review of claims that were non-meritorious when the petitioner was eligible for PCRA relief but which became meritorious at a later date. Instead, such claims must be reviewed under the PCRA framework. Accordingly, the fact that Appellee could not present a meritorious claim when he was eligible for relief does not mean that his claim falls outside of the PCRA. In this case, Appellee was convicted of crimes under the laws of this Commonwealth. His claim - then and now - has always been one of the seven enumerated claims set forth in the PCRA, *i.e.*, ineffective assistance of counsel. **See** 42 Pa.C.S. § 9543(a)(2)(ii); **see also Escobar**, **supra**; **McDermitt**, **supra**; **Ghisoiu**, **supra**; **Wah**, **supra**. As such, Appellee's claim is cognizable under the

- 15 -

PCRA. Unfortunately for Appellee, he is not "(i) currently serving a sentence of imprisonment, probation or parole for the crime; (ii) awaiting execution of a sentence of death for the crime; or (iii) serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S. § 9543(a)(1)(i-iii). Accordingly, he is no longer eligible for relief under the PCRA.[8] *Id.*

This construction is consistent with both our Supreme Court and the General Assembly's strong preference "to channel all claims requiring review through the framework of the PCRA." **Hall**, **supra** at 1235 (internal quotation marks and citation omitted). "A contrary interpretation would lead to a bifurcated system of post-conviction review, in which certain claims for relief are considered under the PCRA, while other claims for relief are considered outside its framework." **Id**. at 1235-1236 (internal quotation marks and citation omitted). Our Supreme Court has rebuked attempts by this Court to permit such bifurcated review. **See id**.

The underlying premise of the majority's conclusion, that Appellee is entitled to seek collateral relief outside the PCRA because a subsequent change in the law recognized the validity of his ineffective assistance claim, is flawed when examined under the guise of the PCRA and erects the very type of bifurcated review which our Supreme Court has previously forbidden.

---

[8] Appellee's argument that he is still serving a sentence because of his deportation is frivolous.

- 16 -

Consider an example in which the Supreme Court of the United States or Pennsylvania adopts a new rule of constitutional law that is deemed worthy of retroactive application. A petitioner benefitting from the new decision comes forward with a claim for collateral relief. In such a case, the ensuing change in the legal landscape would permit an otherwise time-barred PCRA claim so long as the petitioner requests relief within 60 days of the new opinion. *See* 42 Pa.C.S. §§ 9545(b)(1)(iii), 9545(b)(2). Nevertheless, the petitioner would be ineligible for PCRA relief if he were no longer serving a sentence. *See* 42 Pa.C.S. § 9543(a)(1)(i-iii). In these circumstances, the petitioner's right to collateral relief under the PCRA would end, notwithstanding the recently bolstered merit of his contentions.

By allowing Appellee to pursue *coram nobis* relief outside of the PCRA, the majority's decision gives Appellee greater post-conviction options in a situation where his ineffective assistance claim is untimely and he is ineligible for PCRA relief because he is no longer serving a sentence. In these circumstances, the majority's decision serves as a judicial veto of the eligibility requirements of the PCRA and thus represents an unwarranted departure from the legislature's clear statutory directives.[9]

_____

[9] While in this case the majority decision does not result in Appellee being entitled to discharge, the Commonwealth "is handed a classic Pyrrhic victory, *id est*, a victory obtained at such a cost that it outweighs the benefit obtained." **Governor's Office v. Office of Open Records**, __ A.3d __, __ (Pa. 2014) (filed August 18, 2014) (Castille, C.J., concurring). Thus, the
*(Footnote Continued Next Page)*

In light of both the PCRA statute and our Supreme Court's consistent pronouncements, the PCRA process is the sole means of collaterally contesting a conviction by raising ineffectiveness issues, including matters relating to deportation. **Turner**, **supra**; **Hall**, **supra** at 1235 ("the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act.") (emphases in original); **Ahlborn**, **supra** at 720-721; **Haun, supra** at 699 ("the PCRA was intended to be the *sole* vehicle for litigating claims for collateral relief in state court." (emphasis in original)); **see also Pagan**, **supra** at 1233 ("*coram nobis* relief does not become available merely because the PCRA refuses to remedy a petitioner's grievance; rather, we look at the *claims* a petitioner is raising.") (italics in original); **cf. Hayes**, **supra** at 199 ("the legislature intended to limit post conviction relief under the PCRA to individuals who at the time of filing for PCRA relief are serving a sentence of imprisonment, probation or parole for a conviction, regardless of the collateral criminal consequences from the conviction.").

In sum, the majority decision creates bifurcated review, and, by conflating a lack of entitlement to relief with cognizability, unnecessarily expands *coram nobis* to ineffectiveness claims. Nonetheless, as Appellee's

_(Footnote Continued)_ ───────────────

Commonwealth, though winning this case, actually is an aggrieved party. **See Commonwealth v. Robinson**, 837 A.2d 1157, 1160-61 & n.7 (Pa. 2003).

case does not fit within the narrow parameters of *coram nobis*, and since he was not entitled to PCRA relief because he was no longer serving his sentence and his petition was untimely, I agree that the court below erred.

Judge Olson joins the Concurring and Dissenting Opinion.

Judge Donohue Concurs in the Result in the Concurring and Dissenting Opinion.