**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Catalin GHISOIU, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 4, 2013.

Filed March 22, 2013.

Tina M. Fryling, Public Defender, Erie, for appellant.

John H. Daneri, District Attorney, Erie, for Commonwealth, appellee.

BEFORE: ALLEN, WECHT, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J:

Catalin Ghisoiu (Appellant) appeals from the July 25, 2012 order which denied his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541–9546. We affirm.

On March 4, 2010, Appellant entered a negotiated plea to two counts of robbery in exchange for the dismissal of numerous other charges. Prior to sentencing, Appellant moved to withdraw his guilty pleas, claiming that he was innocent of the charges. Motion to Withdraw Guilty Pleas, 4/8/2010, at ¶ 4. The trial court denied the motion after a hearing, finding that the Commonwealth had established that it would be substantially prejudiced if Appellant were permitted to withdraw his plea. On August 11, 2010, the trial court sentenced Appellant to 44 to 88 months' incarceration. This Court affirmed Appellant's judgment of sentence on June 16, 2011, see Commonwealth v. Ghisoiu, 31

A.3d 746 (Pa.Super.2011) (table); and our Supreme Court denied Appellant's petition for allowance of appeal on December 15, 2011, see Commonwealth v. Ghisoiu, 613 Pa. 660, 34 A.3d 826 (Pa.2011) (table).

Appellant filed a timely PCRA petition on April 2, 2012, which was supplemented by counsel following her appointment. In his petition, Appellant again sought to withdraw his guilty pleas. This time Appellant claimed that plea counsel was ineffective in failing to advise him of the immigration consequences of his pleas, contrary to the mandates of Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), and Commonwealth v. Wah, 42 A.3d 335 (Pa.Super.2012).[1] Following a hearing at which Appellant and two of his attorneys testified, the PCRA court denied Appellant's petition by opinion and order of July 25, 2012.

Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed. On appeal, Appellant states two claims of error for our review.

The PCRA Court erred in finding that the cases of Padilla v. Kentucky and Commonwealth v. Wah are not retroactive.

The PCRA Court erred in finding that [Appellant's] trial counsel was not ineffective in failing to advise [Appellant] of the possible deportation consequences attendant with his conviction.

Appellant's Brief at 1.

We consider Appellant's arguments under the following standard of review.

* Retired Senior Judge assigned to the Superior Court.

1. In Padilla, which abrogated Pennsylvania law, see, e.g., Commonwealth v. Frometa, 520 Pa. 552, 555 A.2d 92 (1989), the Supreme Court held that the Sixth Amendment requires that counsel inform a criminal defendant of the risk of deportation occasioned by a plea. In Wah, this Court applied Padilla in a case involving a guilty plea entered after Padilla was handed down.

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super.2012) (quotations and citations omitted).

We begin by noting that while this appeal was pending, the United States Supreme Court held that "*Padilla* does not have retroactive effect." *Chaidez v. U.S.*, —— U.S. ——, 133 S.Ct. 1103, 1105, 185 L.Ed.2d 149 (2013). In so holding, the *Chaidez* Court determined that *Padilla* created a new rule of law, rather than merely having applied existing precedent to a new set of facts. *See Chaidez, supra*, at 1110–11.[2]

 However, "[w]hen a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." *Commonwealth v. Roney*, 581 Pa. 587, 866 A.2d 351, 359 n. 32 (2005), *cert. denied* 546 U.S. 860, 126 S.Ct. 139, 163 L.Ed.2d 141 (2005) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004)). Appellant entered his guilty pleas on March 4, 2010. *Padilla* was decided on March 31, 2010, before Appellant filed his motion to withdraw his guilty plea or was sentenced, let alone when his judgment of sentence became final.

 Nonetheless, assuming *arguendo* that *Padilla* is applicable to Appellant's PCRA claim, he is entitled to no relief. The PCRA found that both of Appellant's attorneys did, in fact, advise him that his plea could have immigration consequences, with one of them suggesting that Appellant consult an immigration attorney. The PCRA court's factual finding is binding upon this court, as it is supported by the record and is based upon the PCRA court's credibility determinations. *See* N.T., 7/12/2012, at 35–36, 38, 42, 45, 54–55; *Commonwealth v. Spotz*, 47 A.3d 63, 75 (Pa.2012) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court....").

Order affirmed.

Judge ALLEN concurs in the result.

---

2. This determination calls into question this Court's decision in *Commonwealth v. Garcia*, 23 A.3d 1059 (Pa.Super.2011) ("[T]he United States Supreme Court's Opinion in *Padilla* did not recognize a new 'constitutional right' as envisioned by our Legislature in enacting Subsection 9545(b)(1)(iii) [of the PCRA].").