J-S52024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID CHALOEUNPORN, | |
| Appellant | No. 2938 EDA 2013 |

Appeal from the PCRA Order entered October 10, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0004499-2007
& CP-51-CR-0004500-2007

BEFORE:  GANTMAN, P.J., ALLEN and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 27, 2014**

David Chaloeunporn ("Appellant") appeals from the order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On December 6, 2007, Appellant, a citizen of Cambodia, entered a guilty plea to multiple sexual offenses involving two of his nieces, ages ten and thirteen.  On May 28, 2008, the trial court sentenced Appellant to an aggregate term of seven and one-half to fifteen years of imprisonment, to be followed by a twenty-five year probationary term.  Appellant did not file a direct appeal.

*Former Justice specially assigned to the Superior Court.

Appellant filed a *pro se* PCRA petition on November 25, 2008. On September 6, 2009, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 26, 2010, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. By order entered February 16, 2010, the PCRA court denied Appellant's PCRA petition, and permitted PCRA counsel to withdraw.

Appellant filed a *pro se* appeal, and the PCRA court appointed present counsel. However, the PCRA court subsequently requested that this Court vacate its order and remand the case for further proceedings before a different judge; we did so on February 18, 2011. **Commonwealth v. Chaloeunporn**, 24 A.3d 459 (Pa. Super. 2011) (unpublished memorandum).

Following remand, present counsel filed an amended PCRA petition on October 14, 2011. The Commonwealth filed a motion to dismiss on June 25, 2013. On September 11, 2013, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not file a response. By order entered October 10, 2013, the PCRA court dismissed Appellant's amended PCRA petition. This appeal followed. Although Appellant complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement, the PCRA court did not file a Rule 1925(a) opinion.

Appellant raises the following issue on appeal:

I. Was [Appellant]'s guilty plea knowing[,] intelligent[,] and voluntary when he was not informed by [trial counsel], nor did he know, at the time that he tendered the guilty plea, that his deportation, because he was not a U.S. citizen, was mandatory because of the offenses to which he was pleading guilty?

Appellant's Brief at 2.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.* Furthermore, to be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA. One such error involves the ineffectiveness of counsel.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Id.* "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient

showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

Appellant claims that inadequate advice from trial counsel caused him to enter an invalid plea. When asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a defendant must show that plea counsel's ineffectiveness induced him to enter the plea. *Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa. Super. 2005). As this Court stated:

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea hearing becomes *the* significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

*Commonwealth v. Flood*, 627 A.2d 1193, 1199 (Pa. Super. 1993)

(citations omitted).

Further, this Court summarized:

Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

\* \* \*

The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

\* \* \*

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003)

(citations omitted).

Appellant does not challenge his responses given to the trial court during his guilty plea colloquy. Rather, Appellant claims that although he was informed prior to entering his guilty plea that there was a possibility he may be deported, *see* N.T., 12/6/07, at 23, trial counsel "was ineffective for not informing [him] that the consequences of his guilty plea was mandatory deportation." Appellant's Brief at 5.

Appellant bases his ineffectiveness claim upon the United States Supreme Court decision in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010). In *Padilla*, the high court held that the Sixth Amendment of the United States Constitution requires that defense counsel inform a criminal defendant of the risk of deportation, should he decide to enter a guilty plea. However, as acknowledged by the Commonwealth, the United States Supreme Court, noting the difference in treatment of the issue by various federal district courts, has more recently held that "*Padilla* does not have retroactive effect." *Commonwealth v. Ghisoiu*, 63 A.3d 1272, 1274 (Pa. Super. 2013), *appeal denied*, 74 A.2d 125 (Pa. 2013) (*quoting* *Chiadez v. U.S.*, 133 S.Ct. 1103, 1105 (2013). *See also Commonwealth v. Abraham*, 62 A.2d 343 (Pa. 2011) (noting the split in the treatment of *Padilla* claims by the federal courts).

Here, Appellant entered his guilty plea in 2007, the trial court sentenced him in 2008, and he did not file a direct appeal. Therefore, his judgment of sentence became final approximately two years before the *Padilla* decision. Appellant is thus unable to benefit from the *Padilla* decision.

Moreover, even if the *Padilla* decision applied, this Court has rejected claims similar to Appellant's which challenge the adequacy of the advice given by counsel. *See*, *e.g.*, *Ghisoiu*, 63 A.3d at 1274 (concluding that even if *Padilla* applied, both of defendant's attorneys advised him "that his

plea could have immigration consequences"); *see also Commonwealth v. Escobar*, 70 A.2d 838, 842 (Pa. Super. 2013) (concluding that trial counsel informing the defendant that deportation proceedings were likely "was within the range of competence demanded of attorneys in criminal cases"); *Commonwealth v. McDermitt*, 66 A.2d 810, 814 (Pa. Super. 2013) (holding that "*Padilla* requires counsel to inform a defendant as to a risk of deportation, not as to its certainty.").

Because Appellant's judgment of sentence became final prior to the *Padilla* decision, he is not entitled to the benefit of its holding. In addition, the record demonstrates that Appellant was informed of the risk of deportation, such that Appellant's claim of ineffectiveness fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014