J-S39015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNON LEROY EALY, JR. | |
| Appellant | No. 1925 MDA 2015 |

Appeal from the PCRA Order Entered October 9, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at Nos: CP-28-CR-0000747-2013, and CP-28-CR-0000748-2013

BEFORE:  STABILE, PLATT,[*] and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 28, 2016**

Appellant Vernon Leroy Ealy, Jr. appeals from the October 9, 2015 order of the Court of Common Pleas of Franklin County ("PCRA court"), which denied his request for collateral relief under the Post Conviction Relief Act[1] ("PCRA").  We affirm.

On August 31, 2010, the Chambersburg Police Department filed two criminal complaints against Appellant.[2]  Both complaints charged Appellant with one count of Manufacture, Delivery, or Possession with Intent to Deliver

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-46.

[2] Unless otherwise specified, these facts come from the PCRA court's October 9, 2015 opinion.

and one count of Criminal Use of Communication Facility.[3]  On the same date it filed the complaints, Chambersburg Police received an arrest warrant for the two cases.

The first attempt to serve the warrant took place on September 2, 2010, when Sergeant Rosenberry of the Chambersburg Police Department visited Appellant's last known address.[4]  N.T., PCRA Hearing, 8/5/2015, at 43-44.  Appellant, however, was not present.  Instead, Sergeant Rosenberry spoke with Appellant's mother who informed him that Appellant no longer lived there and had moved to "New York or New Jersey."  *Id.* at 44.  Sergeant Rosenberry then provided her with his business card and left.  *Id.*  Later that same day, Sergeant Rosenberry received a phone call from Appellant.  Appellant asked Sergeant Rosenberry why he had spoken with his mother, whereupon Rosenberry informed Appellant of the warrant and the need to return to Pennsylvania.  Appellant did not turn himself in.  N.T., PCRA Hearing, 8/5/2015, at 45.

Efforts to locate and apprehend Appellant continued after September 2, 2010.[5]  In February of 2011, Officer Jones again checked Appellant's

---

[3] 35 Pa.C.S.A. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512(a), respectively.

[4] As of September 2, 2010, Appellant's last known address was 436 South Main Street in Chambersburg, Pennsylvania.  N.T., PCRA Hearing, 8/5/2015, at 44.

[5] Chambersburg Police kept track of their efforts to locate Appellant by using an attempted warrant service log.  N.T., PCRA Hearing, 8/5/2015, at 45. The log in this case had more entries than usual.  *Id.* at 56.

Chambersburg address. On February 4, 2011, two other officers found information on Facebook indicating that Appellant was attending the Anthem Institute in New Jersey. Acting on this lead, the officers contacted the Hillside Police Department in New Jersey and supplied them with Appellant's National Crime Information Center ("NCIC") information. Later, in February of 2012, Officer Leisher received notification that Appellant would be in the Chambersburg area. In response, he went to visit Appellant's mother at her address on South Main Street.[6] Nonetheless, Appellant continued to elude capture.

Officers also availed themselves of other tools to determine Appellant's whereabouts. Sergeant Rosenberry, for his part, would occasionally use an internet database to check for addresses associated with Appellant. N.T., PCRA Hearing, 8/5/2015, at 46. During one such search, Sergeant Rosenberry noticed that Appellant's address had changed in March of 2013. *Id.* at 46-47. Following normal protocol for the situation, Sergeant Rosenberry called the Orange Police Department in New Jersey and asked that they check the new address.[7] *Id.* 47, 49. The Orange Police

---

[6] Sergeant Rosenberry testified that officers visited Appellant's mother on at least three occasions. N.T., PCRA Hearing, 8/5/2015, at 48.

[7] According to the attempted warrant service log, various officers had contacted law enforcement in New Jersey three times prior to Sergeant Rosenberry's call to the Orange Police Department. *Id.* at 54.

Department thereafter apprehended Appellant on March 13, 2013. *Id.* at 54.

On March 10, 2014, Appellant entered a guilty plea to both counts of Manufacture, Delivery, or Possession with Intent to Deliver. The trial court immediately sentenced him to twenty to sixty months' incarceration on each count. The court ordered the sentences to run concurrently and that Appellant receive credit for time served. Appellant thereafter filed a notice of appeal, which he withdrew on May 6, 2014. He then filed the present PCRA petition on June 30, 2014. The PCRA court denied Appellant's petition on October 9, 2015 and this timely appeal followed.

The single issue on appeal is whether the PCRA court properly determined that the Commonwealth exercised due diligence in locating and apprehending Appellant. *See* Appellant's Brief at 5. For such an inquiry, our standard of review is whether the PCRA court's findings are free of legal error and supported by the record. *Commonwealth v. Martin*, 5 A.3d 177, 182 (Pa. 2010) (quoting *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723 (Pa. 2003)). Thus, "[t]he PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." *Commonwealth v. Ghisoiu*, 63 A.3d 1272, 1274 (Pa. Super. 2013) (quotation omitted).

After careful review of the record, and the relevant case law, we conclude that the PCRA court accurately and thoroughly addressed the issue on appeal. *See* PCRA Court Opinion, 10/8/15, at 6-14; PCRA Court's Rule

- 4 -

1925(a) Opinion, 12/7/15. Accordingly, we affirm the PCRA court's October 9, 2015 order denying Appellant's request for collateral relief. We further direct that a copy of the PCRA court's October 9, 2015 opinion and December 7, 2015 Rule 1925(a) opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2016

Filed    **DEC 07 2015**

*Nancy Marshall*
Clerk

---

**IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA–FRANKLIN COUNTY BRANCH**

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | : | **Criminal Action** |
| | : | |
| | : | **No. 747-2013; 748-2013** |
| **v.** | : | |
| | : | **Post-Conviction Collateral Relief** |
| **Vernon L. Ealy, Jr.,** | : | |
| **Defendant** | : | **JUDGE JEREMIAH D. ZOOK** |

---

## *ORDER*

Now this 7th day of December, 2015, the Clerk of Courts of Franklin County is directed to transmit the foregoing *Opinion Pursuant to Pa.R.A.P. 1925(a)* to the Prothonotary of the Superior Court of Pennsylvania pursuant to Pa.R.A.P. 1931(c).

By the Court,

JUDGE JEREMIAH D. ZOOK

**The Clerk of Courts shall give notice to:**
Matthew A. Sembach, Esq., Attorney for Defendant
Franklin County District Attorney's Office

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action |
| | : | |
| | : | No. 747-2013; 748-2013 |
| v. | : | |
| | : | Post-Conviction Collateral Relief |
| Vernon L. Ealy, Jr., | : | |
| Defendant | : | JUDGE JEREMIAH D. ZOOK |

## OPINION PURSUANT TO PA.R.A.P. 1925(a)

Defendant, Vernon L. Ealy, Jr.,[1] appeals from the *Order of Court* entered on October 8, 2015.[2]  The Defendant filed a *Notice of Appeal* on October 30, 2015.  On November 5, 2015, this Court entered an Order directing the Defendant to file within 21 days a concise statement of matters complained of on appeal.  The Defendant filed a concise statement on November 10, 2015[3] raising one issue, whether the Court erred by concluding that trial counsel

---

[1] Defendant is an individual represented by Matthew A. Sembach, Esq..

[2] Denying the Defendant's *Amended Petition for Post-Conviction Collateral Relief*.

[3] The Court notes that attached to the concise statement was a certificate of service stating that the Defendant served a copy of the statement on the Court; however, the Court never received a copy.

had a reasonable basis for not filing a motion to dismiss pursuant to Pa.R.Crim.P. 600.

The reasons for the *Order* appealed from in this case were adequately set forth in this Court's *Opinion* and *Order of Court* filed of record on October 8, 2015. A copy is attached for ease of review. It is respectfully requested that the Superior Court affirm in all respects.

**The Clerk of Courts shall give notice to:**
Matthew A. Sembach, Esq., Attorney for Defendant
Franklin County District Attorney's Office

IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA–FRANKLIN COUNTY BRANCH

| | |
|---|---|
| Commonwealth of Pennsylvania : | Criminal Action |
| : | |
| : | No. 747-2013; 748-2013 |
| v. : | |
| : | Post-Conviction Collateral Relief |
| Vernon L. Ealy, Jr., : | |
| Defendant : | JUDGE JEREMIAH D. ZOOK |

## OPINION AND ORDER OF COURT

The above captioned matter is before the court upon Defendant's *Amended Petition for Post Conviction Relief Pursuant to the Post Conviction Relief Act* (hereinafter *PCRA Petition*) filed on February 11, 2015. The Court held a hearing on the *PCRA Petition* on August 3, 2015, during which Defendant was represented by Shane B. Kope, Esq..[1] The Court heard testimony from Joseph Labbate, Todd M. Sponseller, Esq., Defendant, and Sergeant Anthony Rosenberry of the Chambersburg Police Department. The matter is now ready for decision.

---

[1] The Court notes that Matthew A. Sembach, Esq., was appointed as counsel for the Defendant; however, Shane B. Kope, Esq., appeared for the hearing in his stead.

## PROCEDURAL HISTORY

On August 31, 2010, the Chambersburg Police Department charged the Defendant by two separate criminal complaints with two counts of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver,[2] and two counts of Criminal Use of Communication Facility.[3] An arrest warrant was issued in both cases the same date.

On April 3, 2013, Defendant was arrested in New Jersey. Bail was set on the same date; it was modified on April 16, 2013. On June 20, 2013, the Commonwealth filed an *Information* in the above captioned dockets. On June 26, 2013, Defendant appeared and waived formal arraignment.

On August 27, 2013, Defendant appeared[4] for call of the list and made an application for continuance which the Court[5] denied. On August 29, 2013, Defendant filed a *Motion for Continuance*, which the Court[6] granted and continued the matter to November 12, 2013. The time between August 29, 2013, and November 12, 2013, was excluded from the period of commencement of trial under Pa.R.Crim.P. 600.

On August 29, 2013, Defendant, through counsel, filed an *Omnibus Pre-Trial Motion*. That same date, the Court granted Deborah K. Hoff, Esq., leave to withdraw as privately retained counsel, and appointed Michael J. Toms, Esq., the Franklin County Public Defender, to represent Defendant. On September

---

[2] 35 Pa.C.S. § 780-113(a)(30).
[3] 18 Pa.C.S. § 7512(a).
[4] At this time the Defendant was represented by Deborah K. Hoff, Esq..
[5] By the Honorable Shawn D. Meyers in CR 747-2013 and the Honorable Douglas W. Herman in CR 748-2013.
[6] By the Honorable Douglas W. Herman in both dockets.

10, 2013, Attorney Toms filed a *Motion for Appointment of Counsel Because of Conflict of Interest.*[7] By *Order* dated September 9, 2013,[8] the Court granted counsel's *Motion* and appointed Todd M. Sponseller, Esq., as counsel for Defendant.

On September 9, 2013,[9] the Court, upon review of Defendant's *Omnibus Motion,*[10] entered an *Order* directing the Commonwealth to respond to the Defendant's *Motion* within 14 days and scheduling the matter for a hearing on December 16, 2013. On September 27, 2013, the Commonwealth filed an *Answer to Pre-Trial Omnibus Motion.*

On October 10, 2013, Defendant filed a *Motion for Reduction of Bail.* On October 14, 2013,[11] the Court[12] entered an *Order* directing the Commonwealth to file a response within ten days and scheduled a hearing on Defendant's *Motion for Reduction of Bail* on November 20, 2013.

On October 31, 2013, Defendant filed a *Motion for Continuance,* which the Court granted on the same date, continuing the matter to January 13, 2014, and excluding the period of time between October 31, 2013 and January 13, 2014, for the period of commencement of trial pursuant to Pa.R.Crim.P. 600. On December 13, 2013, Defendant filed a *Motion for Continuance,* which the Court granted on the same date continuing the matter to March 10, 2014,

---

[7] This *Motion* was filed after the Court granted the *Motion.*
[8] Filed of record on September 10, 2013.
[9] Filed of record on September 11, 2013.
[10] Filed of record on August 29, 2013.
[11] Filed of record on October 16, 2013.
[12] This *Order* and all orders issued between October 14, 2013, and March 23, 2015, were issued by the Honorable Douglas W. Herman.

and excluding the period of time between December 13, 2013, and March 10, 2014, for purposes of Pa.R.Crim.P. 600.

On December 16, 2013, the Court convened for a hearing on the Defendant's *Omnibus Motion*; the Court also granted Defendant an extension to file a notice of alibi to February 15, 2014. On February 28, 2014, the Commonwealth filed a *Motion to Consolidate Cases for Trial* in dockets CR 747-2013 and CR 748-2013. The Court granted said *Motion* on March 5, 2014.

On March 3, 2014, the Court conducted a Pre-Trial Conference and entered a *Pre-Trial Order of Court.* On March 10, 2014, Defendant pled guilty to one count of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver[13] in both above captioned dockets. Defendant was sentenced the same date to 20 months to 60 months on each count, to be served concurrently, and with credit for time previously served from March 11, 2013, to March 10, 2014.

On April 9, 2014, Defendant, through counsel, filed an *Application for Leave to Proceed In Forma Pauperis, Notice of Appeal,* and *Request for Transcripts.* Contemporaneously with said filings, Attorney Sponseller filed a *Petition for Leave of Court to Withdraw as Counsel.* On April 15, 2014, the Court entered an *Order* directing Defendant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 16, 2014, the Court granted leave to Attorney Sponseller to withdraw as counsel and appointed the law firm of Kulla, Barkdoll, and Stewart, to represent

---

[13] 35 Pa.C.S. § 780-113(a)(30).

4

Defendant. On May 6, 2014, Defendant, through counsel, withdrew his *Notice of Appeal.*

On June 30, 2014, Defendant filed a *pro se Motion for Post-Conviction Collateral Relief.* On July 14, 2014, the Court entered an *Order* granting Defendant *in forma pauperis* status, appointing Brett Beynon, Esq., as counsel for the Defendant, granting Defendant leave to file an amended petition within thirty days, and granting the Commonwealth thirty days to file a response. On October 21, 2014, Attorney Beynon filed a *Motion to Withdraw as Counsel.*[14] On October 30, 2014, the Court granted Attorney Beynon's *Motion to Withdraw as Counsel* and appointed Matthew A. Sembach, Esq., as counsel for Defendant.

On February 12, 2015, Defendant, through counsel, filed an *Amended Petition for Post-Conviction Collateral Relief.* On March 24, 2015, the Court[15] scheduled an evidentiary hearing on the *PCRA Petition* for May 1, 2015, at 2:30 p.m.. On April 22, 2015, the Commonwealth filed a *Motion to Continue Evidentiary Hearing.* On April 23, 2015, the Court granted said *Motion* and continued the matter to May 22, 2015, at 9:00 a.m.. The Commonwealth filed a *Motion to Continue* on May 11, 2015, which the Court granted on May 13, 2015,[16] setting the matter for hearing on June 5, 2015, at 9:00 a.m..

---

[14] It is unclear to the Court why this *Petition* was filed more than four months after counsel was appointed and significantly beyond the deadline for filing of an amended petition.
[15] This *Order* and all subsequent orders were entered by the Undersigned.
[16] Filed of record on May 14, 2015.

5

On June 1, 2015, Defendant filed a *Motion for Continuance*. The Court granted said *Motion* on June 2, 2015,[17] setting the matter for hearing on August 3, 2015 at 9:00 a.m.. The Court conducted the evidentiary hearing as scheduled on August 3, 2015, during which the Court heard testimony from Joseph Labbate, Todd M. Sponseller, Esq., Defendant, and Sergeant Anthony Rosenberry of the Chambersburg Police Department. At the conclusion of the hearing, the Court entered an *Order*[18] directing the Commonwealth to file a written argument not later than August 21, 2015, and Defendant to file a response not later than September 11, 2015. The Commonwealth timely filed its *Memorandum of Law* on August 20, 2015. Defendant timely submitted a *Brief* to the Court in chambers on September 2, 2015; however, the *Brief* was not filed of record. By *Order* dated September 30, 2015, the Court directed the Clerk of Courts to file Defendant's *Brief* of record. This matter is now ready for decision.

## DISCUSSION

### A. The Post Conviction Relief Act.

The Post Conviction Relief Act (PCRA) was enacted to provide individuals who are convicted of crimes for which they are innocent, or those serving illegal sentences, with a means to obtain collateral relief. *See* 42 Pa. C.S.A. § 9543. To be eligible for relief under the statute, a petitioner must prove by a preponderance of the evidence that he is currently serving a sentence and that the issues raised in his petition have not been previously litigated or waived.

---

[17] Filed of record on June 3, 2015.
[18] Filed of record on August 5, 2015.

42 Pa. C.S.A. § 9543 (a)(1). The petitioner must also prove by a preponderance of the evidence that his conviction resulted from a circumstance enumerated in 42 Pa. C.S. § 9543(a)(2), and that "the failure to litigate the issue prior to or during trial, or during unitary review or direct appeal" was not the result of a "rational, strategic or tactical decision by counsel." *Id.* § 9543(a)(4).

### B. Claims of Ineffective Assistance of Counsel.

The Defendant alleges that trial counsel was ineffective. Under the PCRA, a Petitioner may obtain relief if they can prove by a preponderance of the evidence their conviction or sentence resulted from ineffective assistance of counsel. 42 Pa. C.S.A. § 9543(a)(2)(ii). "It is well established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Johnson*, 51 A.3d 237, 243 (Pa. Super. 2012).

To succeed on a claim of ineffectiveness of counsel, the petitioner must prove 1) the underlying legal issue has arguable merit; 2) counsel's actions lacked an objectively reasonable basis, and 3) actual prejudice resulted from counsel's act or omission. *See Commonwealth v. Tedford*, 960 A.2d 1, 12 (Pa. 2008) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)). All three prongs of the ineffectiveness test must be proven or counsel's assistance is deemed constitutionally effective. *See Commonwealth v. Harvey*, 812 A.2d 1190, 1196 (Pa. 2002). Pursuant to the above standards, this Court now analyzes the sole issue raised by the Defendant.

## C. Issue Raised - Rule 600 Violation.

Defendant asserts that counsel[19] was ineffective for failing to file a motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600 (the "speedy trial" rule). Rule 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The Complaint was issued on August 31, 2010, and the Defendant plead guilty in both dockets on March 3, 2014. Defendant asserts that his speedy trial date should have been August 31, 2011, and that the period of delay between August 31, 2010, and March 10, 2014, was caused by the Commonwealth as they failed to exercise due diligence in bringing the case to trial.

The mechanical run time between August 31, 2010, and March 10, 2014, is 1,287 days. The Court previously granted Defense continuances excluding the time period between August 29, 2013, to November 12, 2013,[20] to January 13, 2014,[21] and finally to March 3, 2014.[22] There is no dispute that these periods fall under Pa.R.Crim.P. 600(C)(2) and are excluded for purposes of Pa.R.Crim.P. 600(A)(2). These continuance requests by the Defendant result in the exclusion of 187 days from the Pa.R.Crim.P. 600 calculation.

---

[19] The Court notes that the Defendant was represented by no less than three attorneys before the Trial Court. His *PCRA* is directed at Attorney Sponseller alone; as such, the Court's references to "counsel" hereafter refer to Attorney Sponseller.

[20] By *Order* dated August 29, 2013.

[21] By *Order* dated October 31, 2013. This *Order* excluded the time period between October 31, 2013, and January 31, 2013.

[22] By *Order* dated December 13, 2013. This *Order* excluded the time period between December 13, 2013, and March 10, 2014.

8

The primary issue raised in the *PCRA Petition* is whether the Commonwealth exercised due diligence in attempting to apprehend the Defendant during the 1,100 days between August 31, 2010,[23] and August 29, 2013.[24] Pursuant to Pa.R.Crim.P. 600(C)(1) "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600. To determine whether the Commonwealth exercised due diligence:

> the test is Not a venture into hindsight reasoning as to whether, if certain individuals had been contacted, or other things done, an arrest would probably have been made. The matter of availability and due diligence must be judged by what Was done by the authorities rather than what was not done. The standard of due diligence demands only reasonable efforts.

*Comm. v. Hinton*, 409 A.2d 54, 57 – 58 (Pa.Super. 1979) (capitalization in original).

Defendant's claim is without merit as the Commonwealth exercised due diligence in attempting to serve the arrest warrant on the Defendant. Sgt. Rosenberry testified that on September 2, 2010, he was part of a Warrant Task Force with the United States Marshals Office and attempted to serve the warrant. Sgt. Rosenberry made contact with Defendant's mother at 436 Main Street, Chambersburg, Pennsylvania, which was the Defendant's last known address. Sgt. Rosenberry informed Defendant's Mother why he was there, that

---

[23] The date the *Complaint* was filed.
[24] The date the Defendant first requested a continuance.

9

he had a warrant for the Defendant's arrest, and gave her his business card. Defendant's mother informed the Sergeant that Defendant was residing in the New York or New Jersey area. That same date, Sergeant Rosenberry received a telephone call from Defendant[25] wherein the Defendant inquired into why Sgt. Rosenberry was at his mother's residence. Sgt. Rosenberry informed Defendant about the warrant and that he needed to come in; Defendant asked Sgt. Rosenberry why the warrant was issued.

The Commonwealth introduced into evidence Commonwealth's Exhibit 1 which consisted of an *Attempted Warrant Service Log* prepared by numerous officers. Several officers made notes on the warrant service logs, and Sgt. Rosenberry noted that the log in this case was significantly more detailed and had more entries than a standard attempted warrant service log. On February 3, 2011, Officer Jones checked Defendant's last known address and did not get an answer. On February 4, 2011, Defendant was found on Facebook where it appeared he was attending the Anthem Institute in New Jersey as a full time student. Officers contacted the Hillside Police Department in New Jersey and sent Defendant's National Crime Information Center (NCIC) information to the Hillside Police Department.

In February 2012, Officer Leisher received information that Defendant would be in the Chambersburg area. On this information, Officer Leisher visited Defendant's mother to ask about Defendant. Defendant's mother was contacted at least three times concerning Defendant's whereabouts. Sergeant

---

[25] Sergeant Rosenberry testified that the phone call he received came from a phone number believed to be owned by the Defendant.

10

Rosenberry testified that when he receives an address where a wanted defendant is residing out of state, the standard practice is to contact the local police department to have them serve the warrant.

In March 2013, Defendant was located in New Jersey through a TLO[26] search. Sergeant Rosenberry contacted law enforcement in New Jersey and requested they respond to the address. Defendant was arrested in New Jersey by the Orange Police Department.

For purposes of Rule 600:

> excusable delay occurs where the delay is caused by 'circumstances beyond the Commonwealth's control and despite its due diligence.' 'Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.'

*Comm. v. Roles*, 116 A.3d 122, 125 (Pa.Super. 2015) (internal citations omitted). The Court heard credible testimony from Sergeant Rosenberry that the *Attempted Warrant Service Log*[27] had significantly more entries than the typical case. The Court heard testimony from James Labbate, a private investigator from Spartan Detective Agency in Union New Jersey. Mr. Labbate testified that he was able to conduct a reverse skip trace[28] on Defendant's whereabouts from August 2010 to April 3, 2013; the results of this search listed numerous addresses that appear to be Defendant's addresses.[29] This report lists an address for Defendant from January 1, 2006 to February 15, 2015, of 436 S. Main St., Chambersburg, PA 17201. This address was checked

---

[26] TLO is a free law enforcement database.
[27] *See* Commonwealth Ex. 1.
[28] *See* Defendant's Ex. 1.
[29] The Defendant testified that these were indeed the addresses where he was residing.

11

numerous times by police, as it was the address where Defendant's Mother resided. Additionally, the reverse skip trace[30] and the *Attempted Warrant Service Log*[31] contain an address of 1111 Salem Ave., Hillside, N.J.; Sgt. Rosenberry testified that the Hillside Police Department was contacted to attempt service of the arrest warrants.

While the Defendant argues that the Commonwealth did not put forth a reasonable effort because there were numerous things they could have done to locate the Defendant, that is not the standard the Court must apply to the efforts of the Commonwealth. "The matter of availability and due diligence must be judged by what Was done by the authorities rather than what was not done." *Commonwealth v. Hinton*, 409 A.2d 54, 57 – 58 (Pa.Super. 1979)(capitalization in original). In *Commonwealth v. Mitchell*, the police department had an address, which was checked multiple times, and circulated a photograph of the defendant. *Commonwealth v. Mitchell*, 372 A.2d 826, 832 (Pa. 1977). In *Mitchell*, the defendant argued that because he received public assistance, the police should have been able to arrest him on the first day he could pick up a check following the warrant being issued. *Id.* However, the Court in *Mitchell* found that there was nothing in the record indicating the police knew the defendant was obtaining public assistance, nor that he became employed after the issuance of the warrant, as the police had no direct connection with the employer. *Id.*

---

[30] *See* Defendant's Ex. 1.
[31] *See* Commonwealth Ex. 1.

12

Defendant in this case argues that he should have been easily located because he changed his address with the New Jersey Department of Motor Vehicles, attended the Jersey Tractor Trailer School, graduated from the Anthem Institute, applied for federal help through the FAFSA program, applied for Social Security Benefits, received health benefits through the State of New Jersey, received food stamps and cash payment through the SNAP program, and received job placement services through the New Jersey Department of Labor and Industry. *See* Defendant's Ex. 2 – 6. As was in the case in *Mitchell*, there is nothing in the record to show that the Commonwealth knew that Defendant was receiving public assistance or where he was employed after the warrant was issued. Furthermore, after receiving information of Defendant's attendance at the Anthem Institute in New Jersey, the Commonwealth contacted the Anthem Institute in New Jersey in an attempt to locate Defendant. "It is not the function of our courts to second guess the methods used by police to locate arrested persons." *Commonwealth v. Mitchell*, 372 A.2d 826, 832 (Pa. 1977).

Because the Commonwealth exercised reasonable efforts in attempting to locate Defendant, the time between the filing of the *Criminal Complaint* on August 31, 2010, and the date Defendant was arrested[32] would be excluded in the calculation of time pursuant to Pa.R.Crim.P. 600(c). Further, because there is no dispute that the time periods between August 29, 2013, and March 3, 2014, were previously excluded pursuant to Pa.R.Crim.P. 600, the result is a

---

[32] April 3, 2013.

13

total of 1,133 days would have been excluded for purposes of calculating the Defendant's right to a speedy trial. As Defendant pled guilty on March 10, 2014, the total number of non-excludable days between the filing of the *Criminal Complaint* and the time the Defendant entered a plea of guilty is 154 days; therefore, there was no violation of Pa.R.Crim.P. 600.

Based upon the evidence presented, it is clear to the Court that Defendant's argument lacks merit as the Commonwealth would have successfully met their burden by a preponderance of the evidence that they acted with due diligence to bring the matter to trial. Therefore, trial counsel was not ineffective for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 600. *See Commonwealth v. McBee*, 520 A.2d 10, 14 (Pa. 1986). Because the Court finds that Defendant's argument lacks merit, the Court will not address the remaining prongs of the ineffectiveness of counsel analysis. *See Commonwealth v. Harvey*, 812 A.2d 1190, 1196 (Pa. 2002).

## CONCLUSION

This Court's review of the record and survey of the law reveals that Defendant is not entitled to relief under the PCRA. Trial counsel was not ineffective for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 600 as such motion would have been meritless. Consequently, the claims of Defendant are without merit and the instant *PCRA Petition* will be denied. An appropriate order follows.

14